IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID L. VANHUSS,               §
                                §
            Plaintiff,          §
                                §
V.                              §          No. 3:17-cv-1327-M-BN
                                §
NANCY A. BERRYHILL,             §
Acting Commissioner of Social Security, §
                                §
            Defendant.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Lee Vanhuss seeks judicial review of a final adverse decision of
the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons
explained below, the hearing decision should be affirmed.

**Background**

Mr. Vanhuss alleges that he is disabled as a result of chronic obstructive
pulmonary disease ("COPD"), heart conditions, arthritis, and high blood pressure. After
his applications for disability insurance benefits and supplemental security income
("SSI") benefits were denied initially and on reconsideration, Mr. Vanhuss requested
a hearing before an administrative law judge ("ALJ"). That hearing was held on
September 1, 2015. *See* Dkt. No. 15 (Administrative Record ["Tr."] at 54-86 (Hearing
Transcript)). At the time of the hearing, Mr. Vanhuss was 60 years old. He has an
eleventh grade education and has past work experience as a golf car mechanic. Mr.
Vanhuss has not engaged in substantial gainful activity since June 1, 2011.

The ALJ found that Mr. Vanhuss was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Mr. Vanhuss suffered from COPD and degenerative joint disease of the right shoulder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Mr. Vanhuss had the residual functional capacity to perform his past relevant work as a golf cart mechanic.

Mr. Vanhuss appealed that decision to the Appeals Council. The Council affirmed.

Mr. Vanhuss then filed this action in federal district court. In a single ground for relief, Mr. Vanhuss contends that the ALJ's finding that he can perform past relevant work is not supported by substantial evidence and results from reversible legal error.

The undersigned concludes that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

2

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the

3

claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not

4

hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced the plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if the plaintiff substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, the plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

### Analysis

Mr. Vanhuss argues that the determination of whether the ALJ improperly found that he could return to past relevant work turns on the nature of his work as a golf cart mechanic – specifically, whether the golf cart motors he worked on were electric or gas-powered. Mr. Vanhuss asserts that the ALJ erred in finding that he could return to his past relevant work as it was actually performed and that, because his past relevant work was a composite job that had no counterpart in the Dictionary of Occupational Titles ("DOT"), he could not return to his past relevant work as generally performed.

A claimant will be found to be "not disabled" when it is determined that he retains the residual functional capacity ("RFC") to perform either the "actual functional demands and job duties of a particular past relevant job" or the "functional demands

5

... of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *1-*2 (S.S.A. Nov. 30, 1981); *see also* 20 C.F.R. § 1560(b)(2). To determine whether a claimant can perform his past work, the ALJ is required to assess the physical demands of the claimant's prior work. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). An ALJ may use vocational expert ("VE") testimony to obtain evidence of the physical and mental demands of a claimant's past relevant work either as the claimant actually performed it or as generally performed in the national economy. *See* 20 C.F.R. § 1560(b)(2).

Here, during the administrative hearing, the vocational expert identified Mr. Vanhuss's past relevant work as "[g]olf cart mechanic, DOT number 620.261-026, medium, SVP of 5." Tr. at 80. That occupational definition is titled "Electric-Golf-Cart Repairer" – or, alternatively, "Golf-Cart Mechanic" – and addresses only the repair of electric golf carts. *See* DICOT 620.261-026 (G.P.O.), 1991 WL 685247 (4th ed., revised 1991).

When initially asked if a hypothetical individual with Mr. Vanhuss's age, education, and work experience and the RFC that the ALJ ultimately found could perform Mr. Vanhuss's past relevant work as a golf cart mechanic, the VE responded that the job "would be precluded because of the nature of a golf cart." *Id.* at 81-82. The ALJ then stated that "[g]olf carts are electric," and the VE responded ""[o]h yeah, they are electric. Excuse me. No, that would remain." *Id.* at 82. Mr. Vanhuss interjected that golf carts are electric and gas. His attorney then asked Mr. Vanhuss if he worked

on gas and electric golf carts, and Mr. Vanhuss answered "[y]es, They're close to cars."

*Id.* His attorney also asked for clarification from the VE on cross-examination:

> Since he said he worked on the gas and electric golf carts, would that –
> if he was required to avoid frequent exposure to irritants, would that
> preclude his past work?

The VE responded:

> If it were gas-powered, but it sounds like he did both, so yes, that could
> preclude –

*Id.* at 84. On reexamination, the ALJ asked Mr. Vanhuss if the golf carts were

disassembled when he was working on them "and then you would fire them up, test

them, and put them back on the line." *See id.* at 84. Mr. Vanhuss disagreed with the

ALJ's characterization of his prior job:

> No, people would come in, and – they'd say it wasn't – this wasn't
> working right or this golf cart won't run, whether it be electric or
> whatever.

*Id.*

At Step 4, the ALJ found that Mr. Vanhuss has the RFC to lift and carry 50

pounds occasionally and 25 pounds frequently and that he could sit, stand, and/or walk

six hours out of an eight-hour workday. The ALJ also found that Mr. Vanhuss can

perform the full range of medium work reduced by inability to climb ramps and stairs,

balance, stoop, bend, squat, kneel, crouch, crawl, or climb ropes, ladders, or scaffolds

on more than a frequent basis. The ALJ further found that Mr. Vanhuss can use his

right upper extremity frequently but not constantly for handling and overhead

reaching. And the ALJ found that Mr. Vanhuss should avoid more than frequent exposure to gases and pulmonary irritants. *See* Tr. at 24.

The ALJ then found that Mr. Vanhuss is capable of performing past relevant work as a golf cart mechanic both as actually performed and as generally performed in the national economy. *See id.* at 28-29. The ALJ explained that Mr. Vanhuss's RFC

> does not prevent him from performing his past relevant work as a golf cart mechanic, as he actually performed it. Whether the cart [is] driven by gas or electricity, it will not be running when he works on it, and I find that he is able to do this past work without more than frequent exposure to pulmonary irritants.
> ...
> The vocational expert testified that a hypothetical individual of the same age, education and work background as the claimant with the residual functional capacity set out above, would be able to return to the claimant's past relevant work as a golf cart mechanic as long as it did not involve work on gas powered golf carts. The claimant added that golf carts were gas powered and also electric. I therefore conclude that the occupation of electric golf cart mechanic, as customarily performed in the national economy, does not involve work-related functions precluded by the claimant's functional limitations, and that work on gas powered golf carts is not likely to require more than frequent exposure to gases, dusts or other pulmonary irritants.

*Id.* at 28-29.

First, Mr. Vanhuss contends that the ALJ's finding that he can perform his past relevant work as actually performed is not supported by substantial evidence. The undersigned agrees. There is no evidence to support the ALJ's conclusion that, whether electric or gas, the golf carts would not be running when Mr. Vanhuss works on them. The only evidence is Mr. Vanhuss's testimony, which contradicts the ALJ's conclusion. Likewise, the ALJ concluded that work on gas-powered golf carts is not likely to require more than frequent exposure to gases, dusts, or other pulmonary irritants.

Although the DOT job description for an electric golf cart repairer states that exposure to atmospheric conditions or toxic caustic chemicals is not present, there is no evidence the same holds true for the repair of gas-powered golf carts. Because Mr. Vanhuss's past relevant work included working on both electric and gas powered golf carts, the ALJ's finding that Mr. Vanhuss could return to his past relevant work as actually performed is not supported by substantial evidence.

Second, Mr. Vanhuss challenges the ALJ's finding that he can return to his past relevant work as generally performed. Mr. Vanhuss argues that his past work was a composite job but the ALJ erroneously focused only on the one job he could perform. He contends that he must be found capable of performing all of the duties of his past job in order to be found capable of performing his past relevant work and that, because his past relevant work was a composite job that had no counterpart in the DOT, he could not return to his past work as generally performed.

Social Security Ruling 82-61 provides that

composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

SSR 82-61, 1982 WL 31387, at *2.

According to Mr. Vanhuss, because the DOT classification for golf cart mechanics does not specifically address gas-powered golf carts, the ALJ should have addressed the gas-powered golf cart mechanic duties as a separate occupation. To

support that argument, he states that the DOT includes other positions such as small engine mechanic that encompass the duty of gas-powered motor repair. *See* Dkt. No. 18 at 8-9 and n.3; DICOT 625.281-034 (G.P.O.), 1991 WL 685356 (4th ed., revised 1991).

But Mr. Vanhuss fails to show that working on gas-powered golf carts had significant elements of a separate occupation. And, on re-examination by the ALJ, the VE testified that other jobs for small engine repair would be medium work, which is consistent with the ALJ's RFC finding that Mr. Vanhuss can perform medium work.

Even if Mr. Vanhuss could show that his past relevant work was a composite job, his reliance on *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1372 (W.D. Tex. 1993), for the proposition that a claimant is unable to perform his past relevant work if he is unable to perform each specific job composing his past relevant work is misplaced. *See Holland v. Colvin,* No. 3:14-cv-2964-K-BH, 2015 WL 5437727, at *12-*13 (N.D. Tex. Aug. 31, 2015) (discussing lack of uniformity in interpretation of SSR 82-61 on issue of whether it is proper to segregate the different jobs of a composite job to determine whether a claimant has the RFC to return to past relevant work doing one of those jobs and concluding that the Ninth Circuit case on which *Armstrong* relies is contrary to Fifth Circuit law).

In the Fifth Circuit, a claimant's mere inability to perform certain "requirements of his past job does not mean that he is unable to perform 'past relevant work' as that phrase is used in the regulations," and it is proper for an ALJ to segregate portions of a former job in determining whether a claimant can perform past relevant work as

10

generally performed. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987)); *accord Holland*, 2015 WL 5437727, at *13. Here, the VE testified that Mr. Vanhuss could return to his past relevant work as long as it did not involve work on gas-powered golf carts. And the ALJ found that the occupation of golf cart mechanic, as generally performed in the in the national economy on electric-powered golf carts, did not involve work-related functions that are precluded by Mr. Vanhuss's RFC.

Accordingly, the ALJ did not err in finding that Mr. Vanhuss could return to his past relevant employment as it is generally performed.

## Recommendation

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED: April 25, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE